UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>          Plaintiff,<br><br>     v.<br><br>P. HUDSON, et al.,<br><br>          Defendants. | No.  2:22-cv-0328 DAD CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation. On March 16, 2022, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). Plaintiff compliant was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.[1]

The court how reviewed the amended complaint and finds that it fails to state a claim upon which relief can be granted and therefore must be dismissed under the terms of 28 U.S.C. § 1915A(a). Good cause appearing, the amended complaint will be dismissed and plaintiff will be given 30 days within which to file a second amended complaint.

---

[1] In the court's March 16 order, plaintiff was informed that his amended complaint must not exceed 20 pages. Despite the court's warning, the amended complaint is 25 pages. If the second amended complaint exceeds 20 pages, the court will recommend that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to follow court orders.

1

In drafting his second amended complaint, plaintiff is informed that he may, but is not required, to use the court's form-complaint for prisoners seeking relief under 42 U.S.C. § 1983. Further, as indicated before, plaintiff should omit unnecessary background information. Finally, plaintiff should focus on those few incidents where he might state a claim under the terms described below and omit information pertaining to incidents that cannot amount to an actionable claim.

Plaintiff alleges he was denied mental health treatment in violation of the Eighth Amendment. As plaintiff has been informed, denial of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In order to state a claim under the Eighth Amendment, plaintiff must describe in more particular terms than he does in his amended complaint the form of treatment he required, how a particular defendant denied him such treatment and how denial of such treatment was an actual cause of an actionable injury. An allegation that one form of treatment was denied by one particular defendant on one occasion and then plaintiff subsequently attempted to harm himself does not equate to the denial of treatment being an actual cause of the harm.

Plaintiff asserts he has been retaliated against for filing prisoner grievances. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Also, in order to state a claim for

retaliation, plaintiff must point to facts indicating a causal connection between an actionable injury and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). As currently alleged, plaintiff's assertions of retaliation do not amount to actionable claims as plaintiff fails to allege actionable injury and / or "the absence of legitimate correctional goals for the conduct of which he complains."

Finally, plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint **must not exceed 20 pages**, must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 4, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
spri0328.14(2)