UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | No. 2:22-cv-0328 DAD CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| P. HUDSON, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Background

On July 18, 2022, plaintiff filed a motion for a preliminary injunction. Because plaintiff fails to identify the relief sought in his motion for a preliminary injunction, the court issued findings and recommendations on October 24, 2022, recommending that the motion be denied. On January 25, 2023, the district court declined to adopt this court's recommendation. The district court indicated that after review of plaintiff's amended complaint, which had been dismissed with leave to amend on November 4, 2022, by this court, and plaintiff's objections to the court's recommendation that the motion for a preliminary injunction be denied, the preliminary injunctive relief requested by plaintiff was sufficiently clear:

> [I]n his objections, plaintiff now provides some elaboration and description of the [mental health] care he is allegedly being denied and that he requests the court order defendants to provide him, including: "psychotherapy, psychological analytical therapy, psychological group therapy, and life skill therapy that teach[es] trauma subjects skills, and techniques on how to survive after trauma." (Id. at 6.) According to plaintiff, defendants denied plaintiff this therapy even though "[t]his type of therapy is the type of therapy plaintiff was assured he would receive in August 2022" based on a recommendation from his Interdisciplinary Treatment Team. (Id.) Thus, the undersigned finds it appropriate to refer plaintiff's motion back to the assigned magistrate judge for renewed consideration in light of plaintiff's clarification of the relief he is requesting in his pending motion for a preliminary injunction.

II.    Legal Standards

A motion for preliminary injunction is rendered moot by the dismissal of the complaint. See e.g. Performance Designed Products LLC v. Plantronics, Inc., No.: 3:19-cv-00536-GPC-LL, 2019 WL 3082160, at * 8 (S.D. Cal. July 15, 2019) (motion for preliminary injunction rendered moot by dismissal of operative complaint with leave to amend); Silvas v. G.E. Money Bank, 449 F. App'x 641, 645 (9th Cir. 2011) ("Because the operative complaint has been dismissed, we dismiss this interlocutory appeal [for preliminary injunctive relief] as moot.").

III.    Analysis

In this case, plaintiff's motion for a preliminary injunction was rendered moot by the dismissal of the operative complaint. ECF No. 13.  Although plaintiff has now filed a proposed second amended complaint, ECF No. 16, it has not yet been screened. A cursory review of the second amended complaint, however, indicates that plaintiff's motion for preliminary injunction should still be denied as plaintiff again fails to state a claim upon which injunctive relief can be granted.  See Winter v. Natural Resources Defense Counsil, Inc., 555 U.S. 7, 20 (2008) (plaintiff seeking preliminary injunctive relief must show likelihood of success on merits of underlying claim).  In order to obtain injunctive relief pursuant to 42 U.S.C. § 1983, a plaintiff must show that substantial and immediate irreparable injury is likely and that legal remedies are inadequate. LaDuke v. Nelson, 762 F.2d 1318, 1333 (9th Cir. 1985).

In his second amended complaint plaintiff names three mental health professional defendants.  Essentially, plaintiff seeks damages for past wrongs occurring as recently as 2019.

Near the end of the second amended complaint, however, plaintiff asserts he seeks "relief in the form of being able to access individual / group psychoanalytical therapy that treat[s] his suicidal and depressive symptoms."

While it may be plaintiff's allegation that he is suffering from mental health treatment that violates the Eighth Amendment as a result of the past wrongs of defendants, the facts alleged by plaintiff in his second amended complaint do not indicate as much. First, plaintiff does not provide enough information about his condition or as to what treatment he is currently receiving, making it is impossible for this court to conclude that a violation of his constitutional rights is immediate. In order to allege an adequate basis for injunctive relief under the Eighth Amendment with respect to medical care, plaintiff would have to point to facts indicating at least deliberate indifference to serious medical needs, Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), and he has not done that. Also, plaintiff does not adequately show that his current treatment is limited because of any of the actions taken by defendants in 2019. That being the case, plaintiff's claims against defendants for past wrongs cannot provide a basis for current injunctive relief.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 11) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 2, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
spri0328.pi(2)