UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>   Plaintiff,<br><br>   v.<br><br>P. HUDSON, et al.,<br><br>   Defendants. | No. 2:22-cv-00328-DAD-CKD (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. Nos. 11, 19) |

   Plaintiff Ciron B. Springfield is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On July 18, 2022, plaintiff filed a motion for preliminary injunctive relief, in which plaintiff requests that the court order defendants "to provide him mental health treatment and medical care." (Doc. No. 11.)  On February 3, 2023, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for preliminary injunctive relief be denied because plaintiff has not alleged facts regarding his medical conditions, what mental health treatment he is currently receiving, or how defendants have been deliberately indifferent to his medical needs.  (Doc. No. 19 at 3.)  In addition, the magistrate judge explained that plaintiff's allegations of past wrongdoings that purportedly occurred in 2019 cannot provide a basis for current injunctive relief.  (*Id.*)  The pending findings and recommendations were served

1

on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) On February 27, 2023, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 21.)

In his objections, plaintiff first appears to explain that the alleged events from 2019 are documented in his mental health file and those records remain a part of his file (*id.* at 5–6), but plaintiff does not explain whether, or how, the existence of those historical records in his file supports his present motion for preliminary injunctive relief. Second, plaintiff clarifies that he suffers from schizophrenic disorder, and he describes recent events in 2022 and 2023 in which his medical needs related to his schizophrenia were allegedly not being adequately met. (*Id.* at 7–11.) However, none of those purported facts are alleged in plaintiff's second amended complaint, and the recent events plaintiff describes appear to involve other prison staff, not the defendants named in plaintiff's second amended complaint in this action. Similarly, plaintiff clarifies that the treatment he is currently receiving includes prescriptions for blood pressure medication, anti-depressant medication, and anti-psychotic medication, but he contends that he should also be on special diet and have access to more outdoor exercise to treat his hypertension and anxiety. (*Id.* at 12–13.) Again, these allegations are not contained in plaintiff's first amended complaint, and plaintiff does not explain how this current treatment reflects deliberate indifference by the defendants named in this action to his medical needs. Thus, plaintiff's clarifications in this regard do not serve as a basis to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on February 3, 2023 (Doc. No. 19) are adopted in full;

/////

/////

2. Plaintiff's motion for injunctive relief (Doc. No. 11) is denied; and

3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 8, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE