1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CIRON B. SPRINGFIELD,                    No.  2:22-cv-0328 DAD CKD P

12                    Plaintiff,

13           v.                                ORDER

14    P. HUDSON, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983 against three employees of the California Department of Corrections and Rehabilitation: P.

19    Hudson, S. Nguyen, and J. Smolinger.  On November 4, 2022, the court screened plaintiff's

20    amended complaint as the court is required to do under 28 U.S.C. § 1915A(a).  Plaintiff's

21    amended complaint was dismissed with leave to file a second amended complaint.  Plaintiff has

22    now filed a second amended complaint.

23          As plaintiff knows, the court is required to screen complaints brought by prisoners seeking

24    relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

25    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

26    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

27    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

28    U.S.C. § 1915A(b)(1), (2).

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**A.     Analysis**

Plaintiff asserts three claims:

1.     Claim 1

In claim 1, plaintiff asserts that he was retaliated against for his use of the inmate grievance process in violation of the First Amendment.  Prison officials generally cannot retaliate against inmates for exercising First Amendment rights like the utilization of an inmate grievance procedure.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Here, plaintiff fails to point to facts suggesting adverse action was taken against plaintiff

2

because of the contents of a prisoner grievance.  Plaintiff alleges that he was informed that his access to mental health programs was curtailed because his use of the prison inmate process indicated that plaintiff could advocate for himself.  This does not suggest retaliation for protected conduct, particularly as plaintiff does not identify with any specificity how his access to programs was curtailed, nor that the treatment he was able to access was insufficient.

Plaintiff also claims that defendant Nguyen retaliated against plaintiff by forcing him to take the anti-psychotic medications Thorazine, "Benadrayle," and Clozaril despite plaintiff telling Nguyen that he is allergic to those medications.  However, plaintiff fails to adequately connect the prescribing or administration of these drugs to his protected conduct.  Further, plaintiff fails to indicate that he was actually injured as a result of his taking these drugs.

In all other respects plaintiff's allegations are too vague to suggest adverse action stemming from protected conduct.  For these reasons, claim 1 is not a claim upon which relief might be granted.

2.    Claim 2:

In claim 2, plaintiff asserts that his being denied access to certain mental health programs violated his Eighth Amendment rights.  Denial or delay of medical care can violate the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs.  Id.  However, plaintiff fails to point to facts suggesting that any defendant was deliberately indifferent to his serious medical needs, and that he suffered injury as a result of the deliberate indifference.  As with plaintiff's retaliation claim, plaintiff alleges that he was denied access to certain mental health programs and/or resources, but does not describe them with any specificity.  Further, plaintiff fails to identify the programs and/or resources to which he did have access.

Plaintiff alleges that, at times, he informed certain defendants that he was suicidal and that his attempt at suicide on November 7, 2019, was a result of their deliberate indifference to his serious medical needs.  During the morning on that day, plaintiff attended a meeting concerning his mental health treatment with all three defendants and others.  At the meeting, plaintiff told

1  those in attendance that he was depressed and suicidal.  Plaintiff returned to his cell and attempted

2  suicide in the early evening.  Despite these allegations, plaintiff does not state a claim upon which

3  relief can be granted because he fails to point to anything suggesting that a particular type of care

4  would have stopped him from attempting suicide.

5  However, in addition to providing protections for medical care, the Eighth Amendment

6  establishes limits as to conditions of confinement.  A violation of the Eighth Amendment occurs

7  when an inmate suffers a sufficiently serious injury due to conditions of confinement that amount

8  to a substantial risk of serious harm and a prison official's deliberate indifference to that risk of

9  harm.  Farmer v. Brennan, 511 U.S. 825, 834-837 (1994).  The court finds that plaintiff has stated

10  a claim under the Eighth Amendment against all three defendants with respect to plaintiff's

11  conditions of confinement at the time he attempted suicide.  Plaintiff has alleged facts suggesting

12  that defendants were aware that plaintiff was suicidal, and that housing him under normal prison

13  conditions presented a substantial risk of serious harm to plaintiff.

14  As to his claim against defendant Nguyen for forcing plaintiff to take anti-psychotic

15  medications despite his telling Nguyen that he is allergic to those medications, plaintiff fails to

16  state a claim under the Eighth Amendment as plaintiff fails to indicate that he was actually

17  injured as a result of whatever Nguyen's role was in plaintiff taking this medication.

18       3.    Claim 3:

19  Finally, in claim 3, plaintiff asserts he was denied his right to due process when defendant

20  Hudson issued a false "Rules Violation Report" against him.  Plaintiff alleges that this led to

21  "atypical confinement," although he does not elaborate.  As the allegation is conclusory, plaintiff

22  fails to state a claim upon which he can proceed.

23  **B.    <u>Options</u>**:

24  At this point, plaintiff has two options: (1) proceed on a claim against defendants arising

25  under the Eighth Amendment for subjecting plaintiff to harmful conditions of confinement on the

26  day plaintiff attempted suicide (November 7, 2019); or (2) request permission to file a third

27  amended complaint so that plaintiff may attempt to cure deficiencies in the second amended

28  complaint.

4

Plaintiff is informed that if he elects to file a third amended complaint the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.  Also, the third amended complaint cannot be more than 20 pages long, must have normal spacing and font size, and must be legible.

Finally, the court notes that plaintiff has filed a motion asking to amend a motion for a preliminary injunction which has already been denied.  Because the motion was denied, in part, because plaintiff's second amended complaint fails to state a claim for injunctive relief (ECF No. 23), grating leave to amend with respect to a motion for a preliminary injunction would be futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claim described in this order or whether he wishes to file a third amended complaint in an attempt to cure the deficiencies in his second amended complaint.  If plaintiff does not return the form, this action will proceed on the claim described above.

2.  Plaintiff's motion for leave to amend his previously denied motion for a preliminary injunction (ECF No. 20) is denied.

Dated:  March 29, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
spri0328.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON B. SPRINGFIELD,                          No.  2:22-cv-0328 DAD CKD P

               Plaintiff,

        v.                                     <u>PLAINTIFF'S NOTICE OF</u>

P. HUDSON, et al.,                             <u>HOW TO PROCEED</u>

               Defendants.

**Check one**:

_____ Plaintiff wants to proceed against defendants on a claim arising under the Eighth

Amendment for subjecting plaintiff to harmful conditions of confinement on November 7, 2019;

or

_____ Plaintiff wants time to file a third amended complaint.

DATED:


                                Plaintiff