UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>   Plaintiff,<br><br>   v.<br><br>P. HUDSON, et al.,<br><br>   Defendants. | No. 2:22-cv-00328-DAD-CKD (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. No. 26) |

Plaintiff Ciron B. Springfield is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 30, 2023, the assigned magistrate judge screened plaintiff's second amended complaint ("SAC") filed in this action and found that plaintiff had stated potentially cognizable Eighth Amendment claims against defendants P. Hudson, Sanh Nguyen, and J. Smolinger "for subjecting plaintiff to harmful conditions of confinement on the day plaintiff attempted suicide (November 7, 2019)," but that plaintiff had failed to state any other cognizable claims.[1] (Doc. No. 24.) Plaintiff was granted leave to file a third amended complaint or notify the court of his

---

[1] Plaintiff had also named defendants T. McGinty, C. Essex, and A. Dillon in his original and first amended complaints, but he did not name them in the operative SAC. (*Compare* Doc. Nos. 1, 10 *with* Doc. No. 16.) Thus, the court will dismiss those defendants and direct the Clerk of the Court to update the docket to reflect that they have been terminated from this action.

1

willingness to proceed only on the claims found to be cognizable in the screening order within twenty-one (21) days after service of the screening order. (*Id*. at 4–5.) On April 17, 2023, plaintiff notified the court that he was willing to proceed only on the claims identified by the magistrate judge in the screening order as cognizable. (Doc. No. 25.)

Consequently, on April 24, 2023, the assigned magistrate judge issued findings and recommendations recommending that this action proceed on plaintiff's claims found to be cognizable in the screening order and that all other claims brought by plaintiff in his complaint be dismissed. (Doc. No. 26.) The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 1–2.) To date, no objections have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on April 24, 2023 (Doc. No. 26) are adopted in full;
2. This action shall proceed on plaintiff's Eighth Amendment claims against defendants P. Hudson, Sanh Nguyen, and J. Smolinger for allegedly subjecting plaintiff to harmful conditions of confinement on the day plaintiff attempted suicide (November 7, 2019);
3. All other claims brought by plaintiff in this action are dismissed;
4. Defendants T. McGinty, C. Essex, and A. Dillon are dismissed from this action because plaintiff did not name them as defendants in the operative second amended complaint;
5. The Clerk of the Court is directed to update the docket to reflect the termination of the following defendants from this action: T. McGinty, C. Essex, and A. Dillon; and

6. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **November 1, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE