UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON SPRINGFIELD,<br><br>           Plaintiff,<br><br>    v.<br><br>HUDSON, et al.,<br><br>           Defendants. | No.  2:22-cv-0328 DAD CKD<br><br><br>ORDER |

Plaintiff is proceeding with an action for violation of civil rights under 42 U.S.C. § 1983. His remaining claim is that defendant Hudson subjected plaintiff to harmful conditions of confinement on November 7, 2019, a day plaintiff attempted suicide. Essentially, on that day, plaintiff informed defendant Hudson that he was suicidal, and Hudson did not take any action, such as ordering that plaintiff be placed in a cell with no objects he might use to commit suicide. Plaintiff has filed a motion to compel defendant Hudson to provide responses to certain requests for discovery.

1. Request for Production

Plaintiff asks that the court order Hudson to provide a response to plaintiff's request for production of documents. Defendant Hudson indicates that he did not respond to the request for production because the request was served after the deadline for doing so. Pursuant to the court's January 18, 2024, order, the deadline for serving requests for discovery was March 11, 2024.

Plaintiff's request for production of documents is dated April 13, 2024.  ECF No. 55 at 28.  Because the request was served after the deadline for doing so, defendant Hudson had no obligation to respond and the court has no basis to compel him to.

2. <u>Interrogatories 8 and 11</u>

Plaintiff asks the court order defendant Hudson to respond to interrogatories 8 and 11.  Interrogatory 8 reads as follows:

> On (5/30/19) at 19:51 PDT time, did Ciron B. Springfield report to you that the last time he felt "most suicidal" was when he was "feeling pain, neglect, abandonment, issues, w/ father and childhood. Father, uncle foster parents physical, sexual, psych, financial, since 2 am this morning. I feel like the only options is death

Defendant Hudson responded as follows:

> Defendant objects to Interrogatory No. 8 on the following grounds: (1) it is not relevant to any party's claims or defenses and the information sought is not reasonably calculated to lead to the discovery of admissible evidence; (2) it is vague, ambiguous, and unintelligible, requiring Defendant to guess the intended meaning; (3) the request is not clear or precise enough for Defendant to properly respond and (4) it is overbroad as to time and scope because it seeks information outside of November 7, 2019, the relevant time period.
>
> Based on the foregoing objections, Defendant will not respond.

The court interprets the question as whether defendant Hudson acknowledges that plaintiff reported to Hudson that he was suicidal on May 30, 2019.  Because plaintiff does not explain how the question is relevant to whether defendant believed plaintiff to be suicidal on November 7, 2019, defendant will not be ordered to respond further.

Interrogatory 11 reads as follows:

> Defendant P. HUDSON., On 10/20/19, did you know that there was a RISK OF SELF HARM, or a THREAT would be imposed on Ciron B. Springfield to commit suicide, or Self Harm when he reported to you on (10/29/19) 18:16 PDT that his Mother died on (10/28/19) ?

Defendant Hudson responded as follows:

> Defendant objects to Interrogatory No. 11 on the following grounds: (1) it is not relevant to any party's claims or defenses and the information sought is not reasonably calculated to lead to the discovery of admissible evidence; (2) it is vague, ambiguous, and unintelligible, requiring Defendant's to guess the intended meaning; (3) the request is not clear or precise enough for Defendant to

properly respond; (4) it is overbroad as to time and scope because it seeks information outside of November 7, 2019, the relevant time period; and (5) it is argumentative insofar as it assumes facts not in evidence, lacks foundation, and requires the adoption of an assumption.

Based on the foregoing objections, Defendant will not respond.

Again, plaintiff fails to indicate how the question seeks information relevant to defendant Hudson's state of mind on November 7, 2019, and the relevance is not otherwise clear. Defendant Hudson will not be ordered to respond further.

For all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 54) is denied.

Dated: October 18, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
spri0328.mtc