UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>Plaintiff,<br><br>v.<br><br>P. HUDSON, et al.,<br><br>Defendants. | No. 2:22-cv-0328 CKD P<br><br><br><br>ORDER |

On December 20, 2024, this action was dismissed for plaintiff's failure to file a response to defendant Hudson's motion for summary judgment. The motion for summary judgment was filed August 2, 2024. After plaintiff was granted two extensions of time to file a response, the response was due November 29, 2024.

Plaintiff now asks that the court reopen this action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Both parties have consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Under Rule 60(b) the court can reopen a case for "any . . . reason justifying relief." Pursuant to Rule 6(b)(1)(B), the court is only authorized to extend time to do something after the expiration of a deadline upon a showing of excusable neglect.

First, plaintiff seemingly blames his failure to file a timely response on a car accident and emergency room visit occurring on December 10, 2024. As those events occurred after the

1

deadline had already passed, they cannot serve as any excuse for plaintiff's failure to file a timely response.

Next, plaintiff blames an emergency room visit on September 15, 2024, regarding a sexually transmitted disease. Plaintiff fails to explain the relevance of this visit and the relevance is not readily apparent given the visit was two and a half months before the expiration of the deadline.

Finally, plaintiff points to an emergency room visit on November 28, 2024 for head and clavicle injuries. While the November 28, 2024, visit is relevant in considering whether plaintiff has established good cause for missing the response deadline, plaintiff does not establish good cause as he fails to point to any facts suggesting how the visit impacted his ability to file on time.

Simply put, plaintiff has failed to articulate why he missed the deadline to file a response and therefore cannot obtain relief under Rule 60(b) and is precluded from relief under Rule 6(b)(1)(B).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to reopen this case (ECF No. 69 & 71) are DENIED.

Dated: April 25, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
spri0328.60

2